IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OSMANI ABELARDO ALFONSO PEREZ,

    Petitioner,

v.                                                                          No. 1:26-cv-01986-KG-GBW

MARY DE ANDA-YBARRA, et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Osmani Abelardo Alfonso Perez's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 5. For the reasons below, the Court grants the habeas petition and orders Petitioner's immediate release.

## I.    *Background*

Petitioner, a citizen of Cuba, entered the United States over sixty years ago. Doc. 1 at 9. On September 17, 2004, an immigration judge entered a final order of removal against him. *Id.* At that time, the Department of Homeland Security ("DHS") detained Petitioner for approximately 124 days but ultimately released him because it could not effectuate his removal. *Id.* On December 29, 2025, DHS redetained Petitioner. *Id.* He remains at the Torrance County Detention Center in New Mexico. *Id.* at 1.

Petitioner seeks immediate release. He argues that his detention violates the Immigration and Nationality Act and Due Process Clause of the Fifth Amendment because his removal is not reasonably foreseeable. Doc. 1 at 9–10. Specifically, he claims that DHS "has not provided documentation showing that Cuba has issued travel documents or accepted Petitioner's return." *Id.* He further contends that ICE "attempted" to remove him to Mexico "without providing proof that Mexico had agreed to accept him or that valid travel authorization existed." *Id.*

The Government opposes the Petition. It claims that ICE has submitted a third-country

removal request to Cuba and is awaiting Cuba's response.  Doc. 5 at 9–10.  It also contends that it

attempted to remove Petitioner to Mexico, but he refused to comply.  *Id.*  The Government provided

an affidavit from an ICE agent stating that:

> Petitioner was a Failure to Comply with removal to Mexico and was returned to
> originating [Area of Responsibility].  Due to there not being clear and concise detail
> from previous case officer regarding the specific reason(s) Petitioner failed to
> comply with removal, it is safe to assume Petitioner was unwilling to assist with his
> physical removal to Mexico.

*Id.* at 10.

## II.      *Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."

*Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available under § 2241 if

a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States."  28

U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a

removal order becomes administratively final.  *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C.

§ 1231(a)(1).  A removal order becomes administratively final upon the earlier of the noncitizen's

waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed.  *See* 8

C.F.R. § 1241.1(a)–(b).  During the 90-day "removal period," the noncitizen is typically detained.

*Zadvydas*, 533 U.S. at 682.  After that, the Government may detain the noncitizen for as long as is

"reasonably necessary" to secure their removal.  *Id.*; § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth

Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued

detention is no longer authorized."  *Zadvydas*, 533 U.S. at 690, 699.  A six-month detention period

is presumptively reasonable.  *Id.*  After that, if the noncitizen "provides good reason to believe that

there is no significant likelihood of removal in the reasonably foreseeable future," the Government

"must...rebut that showing" or release the noncitizen. *Id*. at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

### III.    Analysis

Petitioner's detention violates due process. To start, the *Zadvydas* burden-shifting framework applies. Petitioner's removal order became administratively final in 2004. Doc. 1 at 9. He has been detained since December 29, 2025—just over six months. The Court therefore inquires whether Petitioner's removal remains reasonably foreseeable under *Zadvydas*.

Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. He asserts that ICE "has not provided evidence that Cuba has accepted [him], or that any other country has agreed to receive him." *Id.* He also claims that ICE "attempted to remove [him] to Mexico without providing proof that Mexico had agreed to accept him or that valid travel authorization existed." *Id.* These allegations are sufficient to meet his initial burden.

The Government fails to rebut Petitioner's showing. It claims that it has reached out to Cuba requesting that Cuba accept Petitioner, but that Cuba has not responded to that request. Doc. 5 at 9. Moreover, it claims that Petitioner hindered his own removal to Mexico but relies on the affidavit of an ICE agent who does not have "clear and concise detail" about the circumstances of that removal. *Id.* at 10. That is not enough. The Government offers no timeline, no confirmed destination, and no evidence that removal is imminent. It therefore fails to show that removal is reasonably foreseeable. *See Momennia v. Bondi*, 2025 WL 3011896, at *10 (W.D. Okla.) ("[M]ere

intent to find a third country," absent "specific communications between the United States and an identified country" is "too speculative to permit indefinite detention"), *R&R adopted*, 2025 WL 3006045 (W.D. Okla.); *Vargas v. Noem*, 2025 WL 2770679, at *3 (D. Kan.) (same).

## IV.    Conclusion

Because Petitioner has shown good reason to believe that his removal is not significantly likely in the reasonably foreseeable future, and because the Government has not rebutted that showing, his continued detention violates § 1231(a).  The Court therefore orders that:

1. The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release.

2. The Government is enjoined from redetaining Petitioner absent a showing that his removal is reasonably foreseeable—such as communications from foreign governments and the Government's anticipated timeline.

3. The Government shall file a status report within 10 business days certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales\
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.